**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| SUSAN BAUER | ) | |
|                     Plaintiff, | ) | |
| vs. | ) | Civil No. 07-4044-CV-C-SOW |
| | ) | |
| THE CURATORS OF THE | ) | |
| UNIVERSITY OF MISSOURI, | ) | |
| | ) | |
| and | ) | JURY TRIAL DEMAND |
| | ) | |
| WILLIAM CRIST, | ) | |
| in his Official Capacity in Count IV, | ) | |
| in his Official and Individual Capacity in Count I, | ) | |
| and in his Individual Capacity in Count III, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KENNETH HAMMANN, | ) | |
| in his Official Capacity in Count IV, | ) | |
| in his Official and Individual Capacity in Count I, | ) | |
| and in his Individual Capacity in Count III, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KAREN CALHOUN, | ) | |
| in her Official Capacity in Count IV, | ) | |
| in her Official and Individual Capacity in Count I, | ) | |
| and in her Individual Capacity in Count III, | ) | |
|                     Defendants. | ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**JURISDICTION AND VENUE**

1.      Original federal question jurisdiction of this Court is proper pursuant to Article III, Section 2 of the United States Constitution and 28 U.S.C. § 1331 which provides that federal courts shall have jurisdiction over federal questions; The Equal Pay Act, 29 U.S.C. §216(b) (An action to recover the liability ... may be maintained against any employer (including a public agency) in an

Page -1-

Federal or State court of competent jurisdiction ... in behalf of himself ...); The Age Discrimination in Employment Act, 29 U.S.C. §626(c)(1) (Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter: Provided, that the right of any person to bring such action shall terminate upon the commencement of an action by the Equal Employment Opportunity Commission to enforce the right of such employee under this chapter); and Title VII of the Civil Rights Act, 42 U.S.C. §2000e-5.

2.     The claims in this action arise out of acts that are alleged to be undertaken and injuries that are alleged to be suffered in Boone County, Missouri, which is in the Western District of Missouri; and, venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3.     Plaintiff, Susan Bauer, is a United States citizen, and a resident of Boone County, Missouri. Plaintiff is employed by the Curators of the University of Missouri, University Hospital & Clinics, University of Missouri, Columbia, Missouri since 1974. She is employed as a Pediatric Advanced Practice Nurse in the Department of Child Health, School of Medicine, and presently resides at 104 Spangler Lane, Columbia, MO 65201.

4.     Under Revised Missouri Statute §172.010 et. seq. (RSMo 2004) and pursuant to sections 9(a) and 9(b) of Article IX of the Missouri Constitution, the University of Missouri, an institution of higher education, was incorporated and created as a body politic to be known by the name "The Curators of the University of Missouri." The government of the University of Missouri, thereof, is vested in the Curators of the University of Missouri (hereinafter the "University") which maintains and operates a campus in the City of Columbia, Boone County, Missouri where Plaintiff worked and was employed at all times relevant herein. Defendant University is an employer, as defined in 42 U.S.C. §2000e, may be served in care of Philip Hoskins, University Legal Counsel,

227 University Hall, Columbia, MO 65211.

5. Defendant William Crist, was at all times relevant herein, Dean of the School of Medicine, and he was a resident of the State of Missouri and an employee of University with administrative duties affecting plaintiff's employment and civil rights at the University. He may be served at: MA202 Medical Science Building, One Hospital Drive, DCO18.00, Columbia, MO 65212.

6. Defendant Kenneth R. Hammann was at all times relevant herein, Associate Dean for Administration and Finance, and he was a resident of the State of Missouri and an employee of University with administrative duties affecting plaintiff's employment and civil rights at the University. He may be served at: MA202 Medical Science Building, One Hospital Drive, DCO18.00, Columbia, MO 65212.

7. Defendant Karen Calhoun, was at all times relevant herein, Chair of the Department of Otolaryngology, and she was a resident of the State of Missouri and an employee of University with administrative duties affecting plaintiff's employment and civil rights at the University. She may be served at: Department of Otolaryngology, One Hospital Drive, Columbia, MO 65212.

**ALLEGATIONS OF FACT**

8. Pursuant to 29 U.S.C. 631 Plaintiff is in a protected class by virtue that at all times relevant to the allegations contained herein, Plaintiff was a female over the age of fifty (50) years.

9. On or about September 14, 2006, Plaintiff timely filed a Charge of Discrimination with the EEOC Office in St. Louis, Missouri alleging she had been discriminated against because of her age, sex, disability, and retaliation.

10. On November 29, 2006, Plaintiff was mailed a "Dismissal and Notice of Rights" letter stating, inter alia, that Plaintiff may file a lawsuit against the "University" and the lawsuit must

be filed within ninety (90) days of her receipt of this notice (See attached Exhibit A). All conditions precedent to the institution of this lawsuit have been fulfilled.

11. Plaintiff's salary in the Department of Child Health as an advanced practice nurse is $62,369.28 per year.

12. On or about April 29, 2005, Plaintiff received notice that she was to be laid-off in her position as an advanced practice nurse in the Department of Otolaryngology by Defendant Calhoun, effective June 30, 2005, allegedly due to financial exigencies.

13. Defendant Calhoun almost immediately rehired an advanced practice nurse some fourteen (14) years younger than Plaintiff, at a salary of more than $10,000 per year compared to Plaintiff's salary and into the same position that Plaintiff had previously held, and with substantially less experience.

14. Plaintiff filed a grievance alleging that her preferential hiring rights had been violated by Defendant Calhoun.

15. The Campus Grievance Representative and University Grievance Representative, agents of University, determined that Plaintiff's preferential hiring rights had been violated by Defendant Calhoun.

16. On July 3, 2006, Plaintiff accepted an offer of employment in the Department of Child Health as a pediatric advanced practice nurse. Plaintiff informed Defendants' that her acceptance of the offer of employment in the Department of Child Health was not taken in response to Defendant University's attempts to settle Plaintiff's grievance.

17. Plaintiff knows of at least seventeen (17) advanced practice nurses employed by the University's School of Medicine. Only one of these seventeen is male, Ben Francisco, and his annual salary is approximately $77,860.00.

18. The remaining sixteen (16) female Advanced Practice Nurses earn an average annual salary of approximately $65,147.00; some $12,713.00 less per year than the male advanced practice nurse.

19. The content of Plaintiff's job as a pediatric advanced practice nurse is comparable in terms of skill, effort and responsibility to the content of Ben Francisco's job and the jobs were performed under similar working conditions.

20. Plaintiff is licensed in the State of Missouri as a registered nurse (License No. 063861), and recognized as an advanced practice nurse, Maternal - Child CNS 'Document of Recognition.'

## ALLEGATIONS OF LAW

21. The University's Human Resources Policy Manual provides that equal opportunity shall be provided for all employees and applicants for employment on the basis of their demonstrated ability and competence without discrimination on the basis of their race, color, religion, sex, sexual orientation, national origin, age, disability, and status as Vietnam era veteran. This policy shall not be interpreted in such a manner as to violate the legal rights of religious organizations or military organizations associated with the Armed Forces of the United States of America. The University will adhere to the Federal requirements of the Rehabilitation Act of 1973 with all of its amendments, and the Americans with Disabilities Act, Civil Rights Act of 1964, Executive Order 11246, Equal Pay Act of 1963, Age Discrimination in Employment Act of 1975, Executive Order 11141, Title IX of the Educational Amendments of 1972, Immigration Reform and Control Act, the Vietnam Era Veterans Act of 1974, and other applicable State and Federal laws.

22. The Equal Pay Act, 29 U.S.C. §206(d)(1) provides, "No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such

Page -5-

Case 2:07-cv-04044-SOW   Document 38   Filed 10/17/08   Page 5 of 12

employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: *Provided*, That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee."

23. The Equal Pay Act, 29 U.S.C. §216(b) provides that any employer who violates the provisions of section 206 *[section 6]* or section 207 *[section 7]* of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

24. Defendant University discriminated on the basis of sex by paying different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

25. The Age Discrimination in Employment Act, 29 U.S.C. §623 (a)(1) provides, "It shall be unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."

26. Defendants' discriminated on the basis of age by hiring a substantially younger (under 40 years of age) advanced practice nurse to replace Plaintiff after she had been laid-off. The

Defendants' hiring of the younger individual was done willfully and in violation of her preferential hiring rights.

27. Revised Missouri Statute §213.055.1(a) [RSMO 2004] provides that it shall be an unlawful employment practice: for an employer, because of the race, color, religion, national origin, sex, ancestry, age or disability of any individual: (a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, national origin, sex, ancestry, age or disability.

28. Defendants Crist, Hammen and Calhoun, as supervisors of Plaintiff or as persons directly acting in the interest of her employer, Defendant University, are Plaintiff's "employers," for purposes of Plaintiff's Missouri Human Rights Act ("MHRA") action, alleging gender and age discrimination, and retaliation in employment. The MHRA imposes liability on an employer when discrimination was a contributing factor in a challenged employment decision, regardless of whether other factors also existed; the language of the statute does not require a plaintiff to prove that discrimination was a substantial or determining factor. *McBryde v. Ritenour School District*, 207 S.W. 3d 162 (Mo. App. E.D., 2006) *citing to* V.A.M.S. § 213.010(7).

29. Defendants Crist, Hammen and Calhoun, as supervisors of Plaintiff or as persons directly acting in the interest of her employer, Defendant University, are Plaintiff's "employers," for purposes of Plaintiff's Equal Pay Act action, alleging gender discrimination in employment.

30. Defendants Crist, Hammen and Calhoun, as supervisors of Plaintiff or as persons directly acting in the interest of her employer, Defendant University, are Plaintiff's "employers," for purposes of Plaintiff's Title VII of the Civil Rights Act of 1964 action, alleging gender and age discrimination in employment.

31. Title VII of the Civil Rights Act, 42 U.S.C. 2000e-2(a) Employer practices states, to wit:. "It shall be an unlawful employment practice for an employer— (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

32. Revised Missouri Statute §335.016 (2) states, to wit: "Advanced practice nurse", a nurse who has had education beyond the basic nursing education and is certified by a nationally recognized professional organization as having a nursing specialty, or who meets criteria for advanced practice nurses established by the board of nursing. The board of nursing may promulgate rules specifying which professional nursing organization certifications are to be recognized as advanced practice nurses, and may set standards for education, training and experience required for those without such specialty certification to become advanced practice nurses. Advanced practice nurses and only such individuals may use the title "Advanced Practice Registered Nurse" and the abbreviation "APRN."

33. The Missouri Constitution provides that no person shall be deprived of life, liberty or property without due process of law (Missouri Constitution, Article I, § 10).

**COUNT I: VIOLATION OF THE EQUAL PAY ACT, 29 U.S.C. §206 et seq.**

34. Plaintiff re-alleges and repeats the allegations set forth in paragraphs 1 to 33, supra, and incorporates them herein as if fully set forth.

35. Defendant University failed to pay Plaintiff for equal work as a pediatric advanced practice nurse for jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions on the basis of sex.

36. The difference in pay was not the result of factors other than sex.

37. Defendants' conduct with respect to Plaintiff's pay was willful, knowingly or with reckless disregard of whether the payment of unequal pay was prohibited.

**COUNT II: VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT
29 U.S.C. § 623 ET SEQ.
(as to Defendant University only)**

38. Plaintiff re-alleges and repeats the allegations set forth in paragraphs 1 to 33, supra, and incorporates them herein as if fully set forth.

39. Plaintiff's job performance met legitimate expectations of the employer and she was qualified for the positions for which she applied.

40. Plaintiff suffered an adverse employment action when she was laid-off from her position as an advance practice nurse in the Department of Otolaryngology by Defendant Calhoun and nor offered her position back in violation of Defendant University's preferential hiring rights policy.

41. Plaintiff was replaced by a person sufficiently younger than Plaintiff.

**COUNT III: VIOLATION OF MISSOURI HUMAN RIGHTS ACT, §213.055 RSMo.**

42. Plaintiff re-alleges and repeats the allegations set forth in paragraphs 1 to 41, supra, and incorporates them herein as if fully set forth.

*Gender and Age*

43. Plaintiff is a 53 year old woman who is a member of a protected class under the aforementioned statute.

44. She was qualified to perform the job she was performing in Defendants' employ.

45. Plaintiff was subject to an adverse employment action (see paragraphs 40 and 49) and there are facts that give rise to a strong inference of unlawful gender and age discrimination.

46. Defendants had no legitimate, non-discriminatory, and credible explanation for their treatment of Plaintiff. Plaintiff's protected status was a contributing factor in the adverse action taken against her by Defendants.

*Retaliation*

47. Defendants Crist, Hammann and Calhoun retaliated against Plaintiff for filing a grievance to challenge her layoff by preventing her from returning to her former position in the Department of Otolaryngology, and prevented her from obtaining equivalent employment with the University for approximately one (1) year, which placed her licensing requirements in jeopardy.

## COUNT IV:
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT 42 U.S.C. §2000 et seq.

48. Plaintiff re-alleges and repeats the allegations set forth in paragraphs 1 to 47, supra, and incorporates them herein as if fully set forth.

49. At all times relevant to the allegations contained herein, Defendants discharged Plaintiff from her position as an advanced practice nurse in the Department of Otolaryngology, and prevented her return to duties for approximately one (1) year. Almost immediately after her discharge Defendant Crist, Hammann and Calhoun rehired a substantially younger person for approximately $10,000 more in annual salary compared to Plaintiff's salary. The adverse employment actions taken against Plaintiff were because of age and sex.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully prays that the Court:

a. Grant judgment against defendants for such equitable and other relief for violation of Plaintiff's civil rights as provided by 42 U.S.C. §2000e-5(g), the ADEA, and Section 213.111 RSMo.

b. Grant to Plaintiff liquidated damages in an amount equal to actual damages as provided by 29 U.S.C. 216 and 29 U.S.C. §626.

c. Grant to Plaintiff an award of her costs of litigation, including reasonable attorney's fees and reasonable expenses; and,

d. Grant such other and further relief as this Court deems just and proper in the premises.

### COUNT V: PUNITIVE DAMAGES (COUNTS II, III and IV)

43. Plaintiff re-alleges and repeat the allegations set forth in paragraphs 1 to 33 and paragraphs 39-49 and by reference make them a part of this claim.

44. Defendants' discriminatory actions against Plaintiff were taken wantonly, willfully, outrageously or with reckless disregard to Plaintiff's rights. Defendants participated in the discriminatory gender and denial of equal conduct, and treated the Plaintiff differently from others.

45. Pursuant to Missouri Rule of Civil Procedure 55.19 Plaintiff's request for punitive damages is based upon Defendants' actions in violation of the University's Rules and in violations of state law, in that said actions were wanton, willful, outrageous and in reckless disregard to Plaintiff's rights.

46. As a direct result of Defendants' violation of Plaintiff's rights Plaintiff is entitled to two hundred fifty thousand dollars ($250,000.00) in punitive damages.

WHEREFORE, Plaintiff prays judgment against Defendants, jointly and severally, for punitive damages, and for any other and further orders in an amount as this court deems fair, reasonable and just.

JOHNSTON & SMITH, LLC
Respectively Submitted,

s/   George S. Smith
George S. Smith, MoBar #53019
2800 Forum Blvd., Suite 3
Columbia, MO 65203
573-499-1616
573-449-3004 (fax)
ATTORNEY FOR PLAINTIFF