IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

SUSAN BAUER, )
)
       Plaintiff, )
)
vs. ) No. 07-04044-CV-C-FJG
)
THE CURATORS OF THE )
UNIVERSITY OF MISSOURI, )
)
       Defendant. )

# ORDER

Pending before the Court are (1) Plaintiff's Motion for Summary Judgment as to Count I (Violation of the Equal Pay Act) of her First Amended Complaint and Suggestions in Support (Doc. No. 93), (2) Defendant's Motion for Summary Judgment as to Counts I, IV and V of the First Amended Complaint (Doc. No. 94); (3) Defendant's Motion to Strike Certain Portions of Plaintiff's Motion for Summary Judgment and Statement of Uncontroverted Material Facts, and Specified Affidavits in Support (Doc. No. 100); (4) Defendant's Motion to Strike Portions of Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Specified Affidavits in Support (Doc. No. 111); (5) Plaintiff's Motion for Reconsideration (Doc. No. 113); (6) Plaintiff's Amended Motion for Summary Judgment (Doc. No. 116); and (7) Defendant's Motion to Strike Plaintiff's Amended Motion for Summary Judgment (Doc. No. 118). All will be considered below.

**I.**     **Plaintiff's Motion for Reconsideration (Doc. No. 113)**

Plaintiff seeks reconsideration of the Court's Order Denying Plaintiff's Motion for Sanctions and Plaintiff's Motion to Strike Affidavits (Doc. No. 109, entered on December 18, 2009, by Senior District Judge Scott O. Wright). After reviewing plaintiff's motion for

1

reconsideration (Doc. No. 113), defendant's response (Doc. No. 117), and Judge Wright's previous Order and the filings related to same, the Court finds reconsideration is not warranted.[1] Therefore, plaintiff's motion for reconsideration (Doc. No. 113) is **DENIED.**

## II. Defendant's Motion to Strike Plaintiff's Amended Motion for Summary Judgment (Doc. No. 118)

Before considering the summary judgment motions, the Court must consider defendants' motion to strike plaintiff's amended motion for summary judgment. On February 12, 2010, this Court ordered plaintiff to resubmit her original motion for summary judgment with citations to the record conforming with Local Rule 56.1. Instead of simply providing pinpoint citations to the record, as requested by the Court, plaintiff filed an amended motion for summary judgment that included citations to evidence not included in her original motion for summary judgment. Defendant asserts that plaintiff's Amended Motion for Summary Judgment (Doc. No. 116) thus violated the Court's February 12, 2010 Order (Doc. No. 114). The Court agrees with defendant that the modifications outlined in defendant's motion at paragraphs 3(A) through 3(F) exceed the scope of the Court's February 12, 2010 Order. Therefore, defendants' motion (Doc. No. 118) is **GRANTED**. The Court will not consider any of plaintiff's modifications to her motion for summary

---

[1] In particular, this Court strongly agrees with Judge Wright's conclusions that plaintiff had more than ample time to complete discovery, and if plaintiff had desired to take the depositions of certain people, she should have noticed their depositions within the discovery period. The Court also agrees that the affidavits plaintiff sought to strike are permissible for the purposes outlined in Judge Wright's Order (Doc. No. 109). However, the Court notes that while Mr. Francisco's affidavit is permissible to show what he understood about his job duties and expectations, his affidavit does not demonstrate that those duties were actually assigned to him by the defendant employer, nor does it demonstrate that those duties were the reason for the difference in pay between plaintiff and Mr. Francisco.

2

judgment that exceed the scope of the Court's February 12, 2010 Order.[2]  However, to the extent that plaintiff has corrected her citations to the record, those corrected citations will be considered by the Court.

**III.    Plaintiff's Motion for Summary Judgment on Count I (Violation of the Equal Pay Act) (Doc. No. 93), Plaintiff's Amended Motion for Summary Judgment (Doc. No. 116), and Defendant's Motion to Strike Certain Portions of Plaintiff's Motion for Summary Judgment and Statement of Uncontroverted Material Facts, and Specified Affidavits in Support (Doc. No. 100).**

Plaintiff Susan Bauer ("Bauer") moves for summary judgment as to Count I (Violation of the Equal Pay Act) of her First Amended Complaint.  Bauer claims that she was paid less than a male co-worker, Ben Francisco ("Francisco"), for performing substantially the same job.  To establish a *prima facie* claim under the Equal Pay Act, Plaintiff must prove that (1) she was performing work that is equal to that of a male counterpart considering the skill, effort, and responsibility of the work; (2) the conditions of the work were similar; and (3) the male employee was paid more under the circumstances.  29 U.S.C. § 206(d) (2008).  Once this burden has been met, the defendant has four affirmative defenses, one of which must be asserted in order to defeat the plaintiff's prima facie case: (1) the existence of a seniority system; (2) the existence of a merit system; (3) that its system measured earnings by quality or quantity of production; or (4) any factor other than sex.  Id.; see also Taylor v. White, 321 F.3d 710, 715 (8th Cir. 2003).  "Application of the Equal Pay Act depends not on job titles or classifications, but on the actual requirements and performance of the job." Holland v. Sam's Club, 487 F.3d 641 (8th Cir. 2007).

Plaintiff indicates that both she and Francisco, her male comparator, were Advanced Practice Nurses who performed substantially similar job duties such as clinics, rounds,

---

[2]The Court notes, however, that even if it considered the citations to evidence not included in plaintiff's original motion, the resulting order on plaintiff's amended motion for summary judgment would not change.  Plaintiff has not demonstrated entitlement to summary judgment on her Equal Pay Act claim.

writing orders, teaching, education and research.  Plaintiff further states that both she and Francisco had similar skills and training, both were working on their doctorate degrees, both enjoyed a joint faculty position in the School of Nursing, both spent the bulk of their time in clinics and direct patient care, and both applied for funding from external sources.

Defendant opposes plaintiff's motion, indicating that it was justified in paying Francisco a larger salary because of his education, experience, his clinical practice, and his productivity.  Defendant also asserts that Francisco has served as Principal Investigator on certain externally sponsored research grants, and he has traveled as part of his job responsibilities.  Plaintiff replies that defendant has not produced admissible evidence that the additional activities Francisco engaged in were required duties under his job, and that she has established a *prima facie* case for violation of the Equal Pay Act.

The Court finds that, from the record provided by the parties to-date, questions of material fact remain as to (1) whether plaintiff has established a prima facie case for violation of the Equal Pay Act and (2)  whether defendant can establish the existence of any affirmative defenses under the act.  In particular, the Court notes that the parties base the great majority of their "facts" on the personal beliefs of plaintiff and Francisco as to what their job responsibilities are, what the job responsibilities of advanced practice nurses should be, and whether their respective pay is justified under the circumstances.  Without evidence as to what the <u>defendant</u> and its representatives believed justified the parties' respective salaries, the Court is simply unable to make a determination one way or the other as to this issue.  Therefore, plaintiff's motions for summary judgment (Doc. Nos. 93 and 116) are **DENIED.**  Additionally, the Court finds that grant or denial of defendant's motion to strike (Doc. No. 100) makes no difference as to its examination of plaintiff's motions for summary judgment, and therefore **DENIES** defendant's motion (Doc. No. 100) as **MOOT.**

4

IV.   **Defendant's Motion for Summary Judgment as to Count I (Violation of the Equal Pay Act), Count IV (Violation of Title VII) and Count V (Punitive Damages) of Plaintiff's First Amended Complaint (Doc. No. 94), and Defendant's Motion to Strike Portions of Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Specified Affidavits in Support (Doc. No. 111)**

Defendant seeks summary judgment on Counts I, IV, and V of plaintiff's First Amended Complaint.

   **A. Count I**

As discussed above in relation to plaintiff's motion for summary judgment, questions of material fact remain as to Count I, Violation of the Equal Pay Act, and therefore summary judgment will be **DENIED** as to this issue.[3]  Further, with respect to Defendant's Motion to Strike Portions of Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Specified Affidavits in Support (Doc. No. 111), the Court again finds that grant or denial of the motion to strike makes no difference as to the Court's examination of defendant's motion for summary judgment, and therefore **DENIES** defendant's motion (Doc. No. 111) as **MOOT.**

---

[3]Further, defendant argues that summary judgment is appropriate for the time period of July 1, 2005 through July 2, 2006, noting that plaintiff performed no work for defendant during the time frame (although the defendant continued to pay plaintiff's salary and benefits during that time frame, see Doc. No. 96, ¶¶ 16 through 18). Defendant argues that "it defies logic and common sense that [plaintiff] can claim with a straight face that the work she performed for Defendant during that year was substantially equal to work performed by Dr. Francisco." Doc. No. 96, p. 18.  Plaintiff responds that "it defies logic and common sense that an employer can escape liability of gender-based pay discrimination by an involuntary dismissal from one's position and work duties while continuing to pay the employee at a rate below that of the male comparator." Doc. No. 101, p. 10.  Neither side cites to any law in support of their positions, and the Court cannot say at this time that defendant has demonstrated that it is entitled to summary judgment as to this issue.  Defendant's motion for summary judgment as to plaintiff's Equal Pay Act claims from July 1, 2005 through July 2, 2006, will be denied.

**B. Count IV**

With respect to Count IV (Violation of Title VII), defendant indicates that summary judgment is warranted on the following bases: (1) it did not discharge plaintiff, did not hire someone else to take her place and did not prevent her from returning to work for approximately one year because of her sex; (2) Title VII of the Civil Rights Act does not prohibit discrimination on the basis of age, and the claims against defendant which prohibit discrimination on the basis of age have all been dismissed as to this defendant; (3) plaintiff will not be able to establish a prima facie case of retaliation prohibited by Title VII because she cannot establish that her grievance challenging her layoff involved issued protected by Title VII and cannot establish any causal connection between the alleged adverse employment action and her participation in activities protected by Title VII; and (4) plaintiff failed to file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged acts of discrimination.

1. Facts

Plaintiff alleges that on November 14, 2006, she timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) in St. Louis. Plaintiff signed her EEOC charge of discrimination on November 6, 2006 and later filed it with the EEOC, which received plaintiff's charge of discrimination on November 16, 2006.

On or about April 29, 2005, plaintiff received notice that she was to be laid-off from her position as an advanced practice nurse in the Department of Otolaryngology by Dr. Karen Calhoun, her department chair, effective June 30, 2005. Plaintiff had been serving as an advanced practice nurse supporting the practice of Dr. Marcella Bothwell prior to her receipt of the notice of layoff. Plaintiff admits that she does not believe that her layoff from

6

the Department of Otolaryngology, effective June 30, 2005, was sex discrimination. Plaintiff alleges that almost immediately after receipt of the notice of layoff, Karen Calhoun rehired an advanced practice nurse for the position plaintiff held in the Department of Otolaryngology. Plaintiff admits that she does not believe that the decision to hire Susan Bacon to replace her as an advanced practice nurse in the Department of Otolaryngology was sex discrimination.

After June 30, 2005, plaintiff did not work in the Department of Otolaryngology and Karen H. Calhoun has had no role in supervising her work in the Department of Child Health. By letter dated August 4, 2005 from Dr. Karen Calhoun, plaintiff was informed that the faculty of the Department of Otolaryngology had made a unanimous decision that it was not in the best interest of Dr. Bothwell's practice that she be reinstated to her previous position supporting Dr. Bothwell's practice and offering her another position in the Department of Otolaryngology.[4]

After plaintiff stopped working in the Department of Otolaryngology on or about June 30, 2005, the Department of Otolaryngology continued to pay her salary and benefits, even though plaintiff did no work for the University until July 2006, when plaintiff accepted another position with the department of Child Health. Thus, even though she had been notified that she would be laid off from her employment by the University, defendant paid

---

[4]Plaintiff controverts this statement. Upon review of the letter from Dr. Calhoun, Ex. 7 to plaintiff's deposition, it is apparent that the position offered to plaintiff was a position as an RN, rather than an APN. Although plaintiff's salary would have remained the same, it is apparent that plaintiff was concerned that her APN credentials could be placed in jeopardy if she was not employed as an APN. However, notwithstanding plaintiff's controversion, the Court finds that the type of position offered to plaintiff is not material for the purposes of the analysis it has conducted, below.

plaintiff her full salary between July 1, 2005 and July 2, 2006. No one at the University has told plaintiff anything that suggested to her that her gender was the reason she was notified that she would be laid off.

By letter dated May 24, 2005, plaintiff filed a grievance pursuant to the University's internal grievance procedure to challenge the notice of layoff and alleging that her University policies concerning preferential hiring rights had been violated by Dr. Calhoun. In her grievance of May 24, 2005 challenging her notice of layoff and alleging a violation of her preferential rehiring rights, plaintiff did not articulate any belief that her age or her sex were the basis of her grievance. On or about June 20, 2005, plaintiff delivered to Will Kiehl and to Karen Touzeau, the University's campus grievance representative, a letter indicating that she desired to appeal the denial of her grievance to the next step. Plaintiff's letter of June 20, 2005, made no mention of any allegation that she had been discriminated against because of her sex.

On June 24, 2005, plaintiff wrote an e-mail to Ken Hutchinson, the University's Vice President of Human Resources, and Touzeau. The email requested an investigation of what plaintiff considered to be discrimination on the basis of age, salary, seniority and disability. Plaintiff's June 24, 2005 email to Hutchinson and Touzeau didn't mention anything about a belief that plaintiff had been discriminated against on the basis of her sex.[5]

---

[5] In her statement of facts, plaintiff attempts to controvert this fact, saying that plaintiff's email dated June 24, 2005 alleged discrimination in salary that was based on sex. See Doc. No. 101, p. 1. However, the Court has reviewed the document in full (Doc. No. 95-2), and all that is mentioned in the email is discrimination on the basis of "salary"; no mention of sex discrimination or violation of the Equal Pay Act is made at all. Further, from the context of the email, it is apparent that plaintiff is not complaining about the salary paid to Dr. Francisco, the only relevant male comparator.

2. Standard of Review

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). The facts and inferences are viewed in the light most favorable to the nonmoving party. Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-590 (1986). The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Matsushita, 475 U.S. at 586-90.

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence, must set forth facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Lower Brule Sioux Tribe v. South Dakota, 104 F.3d 1017, 1021 (8th Cir. 1997). To determine whether the disputed facts are material, courts analyze the evidence in the context of the legal issues involved. Lower Brule, 104 F.3d at 1021. Thus, the mere existence of factual disputes between the parties is insufficient to avoid summary judgment. Id. Rather, "the disputes must be outcome determinative under prevailing law." Id. (citations omitted).

Furthermore, to establish that a factual dispute is genuine and sufficient to warrant trial, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the facts." Matsushita, 475 U.S. at 586. Demanding more than a metaphysical doubt respects the appropriate role of the summary judgment procedure: "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which

are designed to secure the just, speedy, and inexpensive determination of every action." Celotex, 477 U.S. at 327.

### 3. Analysis

#### a. Sex Discrimination

Defendant indicates that there is no evidentiary basis for plaintiff to have had a good faith belief that her layoff and the refusal to reinstate her to her previous position was sex discrimination, nor is there a factual basis by which plaintiff will be able to establish a prima facie case that she was prevented from returning to work in the Department of Otolaryngology because of her sex. As noted in the statement of facts, above, plaintiff does not dispute that she testified that she does not believe that defendant discriminated against her on the basis of her sex. Defendant claims that it did not discharge plaintiff, did not hire someone else to take her place and did not prevent her from returning to work for approximately one year because of her sex. Plaintiff, in her response to defendant's motion for summary judgment, does not respond at all to the arguments made by defendant. Accordingly, defendant's motion for summary judgment will be **GRANTED** as to plaintiff's sex discrimination claims under Title VII raised in Count IV of her First Amended Complaint.

#### b. Age Discrimination under Title VII

Defendant notes that Title VII of the Civil Rights Act does not prohibit discrimination on the basis of age. Defendant further notes that all claims in Counts II and III against defendant which prohibit discrimination on the basis of age have been dismissed. See Order dated May 14, 2007, Doc. No. 14. Again, plaintiff does not respond to the defendant's arguments on this issue. As Title VII does not prohibit age discrimination,

10

defendant's motion for summary judgment will be **GRANTED** as to plaintiff's age discrimination claim in Count IV of her First Amended Complaint.

        c.      Retaliation under Title VII

Defendant argues that plaintiff will not be able to establish a prima facie case of retaliation prohibited by Title VII because she cannot establish that her grievance challenging her layoff involved issues protected by Title VII and cannot establish any causal connection between the alleged adverse employment action and her participation in activities protected by Title VII.

Plaintiff alleges as to retaliation that "Defendants . . . retaliated against Plaintiff for filing a grievance to challenge her layoff by preventing her from returning to her former position in the Department of Otolaryngology, and prevented her from obtaining equivalent employment with the University for approximately one (1) year, which placed her licensing requirements in jeopardy." See First Amended Complaint, Doc. No. 38, ¶ 47. Plaintiff further indicates that "Defendants discharged Plaintiff from her position as an advanced practice nurse in the Department of Otolaryngology, and prevented her return to duties for approximately one (1) year. Almost immediately after her discharge Defendant . . . rehired a substantially younger person for approximately $10,000 more in annual salary compared to Plaintiff's salary. The adverse employment actions taken against Plaintiff were because of age and sex." See First Amended Complaint, Doc. No. 38, ¶ 49.

Defendant notes that in order to establish a prima facie case of retaliation under Title VII, plaintiff must establish: (1) she engaged in statutorily protected activity; (2) the employer took an adverse employment action against her; and (3) a connection between the two occurrences. Bakhtiari v. Lutz, 507 F.3d 1132, 1137 (8th Cir. 2007). For purposes

of this motion, defendant challenges whether plaintiff can meet elements (1) and (3) of this standard. The Court finds that examination of the first element is all that is needed to dispose of this claim.

Defendant indicates that plaintiff is unable to establish that she engaged in statutorily protected activity, as Title VII only prohibits discrimination on the bases of "race, color, religion, sex or national origin." 42 U.S.C. §2000e-2(a). Plaintiff admitted at deposition that her May 2005 grievance did not mention allegations of sex discrimination, and plaintiff's June 20, 2005 letter alleges only age, seniority and salary as the bases of the alleged discrimination. Further, plaintiff's June 24, 2005 email requests an investigation as to discrimination based on age, salary, seniority and disability. As noted by defendant, none of these bases are prohibited by Title VII. Thus, defendant states that even if plaintiff could establish that she was retaliated against for filing her grievance challenging her layoff, she would be unable to establish that she engaged in activities that were statutorily protected under Title VII.

Plaintiff responds that she complained of "sex-based wage discrimination," and that complaint is statutorily protected by Title VII. However, after reviewing the grievance documents challenging her layoff, wherein plaintiff argues she complained of "sex-based wage discrimination," the Court cannot conclude that plaintiff made such a complaint. Instead, at the time, plaintiff complained that she was discriminated on the basis of her "age, seniority, salary and disability." See Doc. No. 95-2 and 95-3. Plaintiff does not indicate in those documents that she believed her layoff was due to sex discrimination.

Accordingly, as plaintiff did not engage in statutorily protected activity under Title VII, her retaliation claims in Count IV of her First Amended Complaint cannot stand. Therefore,

defendant's motion for summary judgment will be **GRANTED** as to the retaliation claims in Count IV of the First Amended Complaint.

        d.      Timeliness of Plaintiff's Charge of Discrimination

Finally, in the alternative, defendant argues that plaintiff failed to file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged acts of discrimination. Defendant states that plaintiff was notified on or about April 29, 2005 that she would be laid off from the Department of Otolaryngology effective June 30, 2005. Plaintiff further alleges at paragraph 49 of her First Amended Complaint (Doc. No. 38) that almost immediately after her discharge, defendant rehired a substantially younger person at a higher salary than plaintiff was earning. Defendant notes that the undisputed facts are that Susan Bacon, a female, was hired in the Department of Otolaryngology in the Summer of 2005.

Plaintiff's charge of discrimination was not received by the EEOC until November 16, 2006, which is beyond the 300 day time limit (see 42 U.S.C. § 2000e-5) for filing a charge of discrimination with the EEOC with regard to the notice of layoff (April 29, 2005) and with regard to the stated effective date of the layoff (June 30, 2005). Defendant also indicates that the charge of discrimination is also untimely with regard to plaintiff's allegations related to the hiring of Susan Bacon in the Summer of 2005.

Finally, defendant argues that plaintiff failed to file a timely charge of discrimination with the EEOC in connection with her allegation that she was prevented from returning to her duties for approximately one year, as it is undisputed that Plaintiff was told, by letter dated August 4, 2005, that she would not be reinstated to her previous position working with Dr. Bothwell in the Department of Otolaryngology, but that another position in the

13

department was offered to her. Defendant states that plaintiff cannot claim that the University's refusal to subsequently modify that decision somehow makes her EEOC charge filed on November 16, 2006 timely.

In response, plaintiff argues that there was a continuing violation, and that her Charge of Discrimination alleges acts of discrimination occurring from July 1, 2005 to October 27, 2006 as a "continuing action." See Charge of Discrimination, Doc. No. 95-4. However, plaintiff provides absolutely no indication what acts occurred within the 300 day period before the filing of her EEOC charge that constitute a "continuing action." The Court will not undertake a fishing expedition in this regard. Instead, the Court agrees with defendant's position on this issue. Therefore, the Court will **GRANT** defendant's motion for summary judgment on Count IV of the First Amended Complaint on this basis, as well.

### C. Count V

As to Count V, in which Plaintiff seeks punitive damages related to her Title VII claims, defendant requests summary judgment because defendant is a public corporation and body politic of the State of Missouri and, as such, is not subject to punitive damages pursuant to 42 U.S.C. § 1981a(b)(1). The undisputed facts establish that plaintiff is employed by defendant Curators, which is a public corporation and body politic created pursuant to Article IX, Section 9 of the Missouri Constitution and Section 172.020, RSMo.

Although plaintiff claims generally in her response to defendant's motion for summary judgment that disputed issues of material facts exist as to the claims made in Count V of her First Amended Complaint, plaintiff does not dispute the truth of the facts in paragraphs 2, 3, and 4 of defendant's statement of uncontroverted material facts which

14

establish that defendant is a "public corporation and body politic of the State of Missouri" and "an arm or instrumentality of state government in the State of Missouri." She further makes no argument challenging defendant's interpretation of 42 U.S.C. § 1981a(b)(1). As 42 U.S.C. § 1981a(b)(1) provides that punitive damages are available against defendants "other than a government, government agency or political subdivision," plaintiff's claims against defendant Curators must be dismissed. Therefore, defendant's motion (Doc. No. 94) is **GRANTED** as to the claims in Count V of plaintiff's First Amended Complaint.

**V. Conclusion**

Therefore, for the foregoing reasons:

(1) Plaintiff's Motion for Summary Judgment as to Count I (Violation of the Equal Pay Act) of her First Amended Complaint and Suggestions in Support (Doc. No. 93) is **DENIED**,

(2) Defendant's Motion for Summary Judgment as to Counts I, IV and V of the First Amended Complaint (Doc. No. 94) is **GRANTED IN PART** as to Counts IV and V and **DENIED IN PART** as to Count I;

(3) Defendant's Motion to Strike Certain Portions of Plaintiff's Motion for Summary Judgment and Statement of Uncontroverted Material Facts, and Specified Affidavits in Support (Doc. No. 100) is **DENIED AS MOOT**;

(4) Defendant's Motion to Strike Portions of Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Specified Affidavits in Support (Doc. No. 111) is **DENIED AS MOOT**;

(5) Plaintiff's Motion for Reconsideration (Doc. No. 113) is **DENIED**;

(6) Plaintiff's Amended Motion for Summary Judgment (Doc. No. 116) is **DENIED**; and

(7) Defendant's Motion to Strike Plaintiff's Amended Motion for Summary Judgment (Doc. No. 118) is **GRANTED** as to the modifications outlined in defendant's motion at paragraphs 3(A) through 3(F).

**IT IS SO ORDERED.**

**/S/FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated:   05/03/10
Kansas City, Missouri