**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| SUSAN BAUER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07-04044-CV-C-FJG |
| | ) | |
| THE CURATORS OF THE | ) | |
| UNIVERSITY OF MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court are (1) Defendant's Motion in Limine with Supporting Suggestions (Doc. No. 143), and (2) Plaintiff's Motion in Limine (Doc. No. 145). Both will be considered below.

### I.     Background

Plaintiff, a female advanced practice nurse who works for the university, alleges she was paid less for doing the same job as a male advanced practice nurse, Benjamin Francisco. To establish a *prima facie* claim under the Equal Pay Act, Plaintiff must prove that (1) she was performing work that is equal to that of a male counterpart considering the skill, effort, and responsibility of the work; (2) the conditions of the work were similar; and (3) the male employee was paid more under the circumstances. 29 U.S.C. § 206(d) (2008). Once this burden has been met, the defendant has four affirmative defenses, one of which must be asserted in order to defeat the plaintiff's prima facie case: (1) the existence of a seniority system; (2) the existence of a merit system; (3) that its system measured earnings by quality or quantity of production; or (4) any factor other than sex. Id.; see also Taylor v. White, 321 F.3d 710, 715 (8th Cir. 2003). "Application of the Equal Pay Act depends not on job titles or classifications, but on the actual requirements and

performance of the job." <u>Holland v. Sam's Club</u>, 487 F.3d 641 (8th Cir. 2007).

**II.     Defendant's Motion in Limine with Supporting Suggestions (Doc. No. 143)**

Defendant moves for an order in limine precluding plaintiff from introducing evidence related to the job duties, responsibilities, working conditions and salary of Harlan Scott Schmidt. Defendant states that plaintiff's Equal Pay Act claim was pleaded entirely upon plaintiff's contention that she is paid less than a male advanced practice nurse (APN) employed by defendant (First Amended Complaint, Doc. No. 38, ¶¶ 17 & 19). Defendant states that Dr. Ben Francisco is the only male APN to whom plaintiff attempts to compare herself for purposes of her EPA claim and plaintiff has conceded that Francisco is the only male APN employed by defendant. (<u>See</u> Doc. No. 101, in which plaintiff admits that ¶¶ 29 and 30 of defendant's statement of uncontroverted material facts in support of summary judgment (Doc. No. 95) is not controverted.) Defendant states that Harlan Scott Schmidt is not an APN employed by defendant, and evidence as to his job duties, responsibilities, etc., is irrelevant and immaterial. (FRE 402.) Defendant further states that Schmidt is not an appropriate comparator to plaintiff. Defendant further argues that any probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or waste of time, in violation of FRE 403.

Plaintiff states that defendant has not demonstrated why evidence related to Harlan Scott Schmidt would (1) not be relevant; or (2) risk danger of unfair prejudice, confusion of issues, misleading the jury, or waste of time. Plaintiff notes that FRE 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Plaintiff further explains that the evidence concerning Schmit is not being offered for purposes of making him a male comparator to plaintiff; instead, it is being offered to show that defendant set the salary level of a lesser-skilled male nurse (who did not have the skills

of an APN) to that equivalent to more highly skilled and experienced female APNS.  Plaintiff states that the evidence related to Schmidt's skills and salary rebuts defendant's affirmative defense that the compensation of the male comparator, Francisco, was on the basis of some factor other than sex.

**Ruling:  Defendant's motion is provisionally denied, subject to reconsideration before trial if defendant is able to demonstrate why this testimony would be irrelevant or in violation of FRE 403.**

### III.     Plaintiff's Motion in Limine (Doc. No. 145)

Plaintiff moves for an Order in Limine precluding any and all evidence, argument, or testimony regarding the following matters:

### A.      Motion in Limine No. 1: To exclude information regarding filing of motion and exclusion of evidence

Plaintiff moves that defendant be precluded from commenting on the fact that this Motion has been filed or any ruling made by the Court regarding same.  Plaintiff further moves that defendant make no comment or inquiry that plaintiff has moved to prohibit certain proof, or that the Court has excluded proof of any particular matter.  Defendant does not oppose.

**Ruling: For Plaintiff.**

### B.      Motion in Limine No. 2: To Exclude Information regarding Attorney/Client Matters

Plaintiff moves to preclude disclosure of attorney-client priviliged information. Defendant does not oppose.

**Ruling: For Plaintiff.**

**C.**     **Motion in Limine No. 3: To Exclude Information Regarding Discussions of Counsel**

Plaintiff moves to preclude defendant from "mentioning any discussions or conversations between Plaintiff's counsel and Defendant's counsel as evidence in this case, including discussions reflected in the transcripts of the depositions taken in this case." Defendant does not oppose.

**Ruling: <u>For Plaintiff.</u>**

**D.**     **Motion in Limine No. 4: To Exclude Information Regarding Settlement Discussions**

Plaintiff moves the Court to prohibit any reference to settlement and negotiations. Defendant does not oppose.

**Ruling: <u>For Plaintiff.</u>**

**E.**     **Motion in Limine No. 5: To Exclude Witness Testimony about Testimony of Other Witnesses**

Plaintiff moves that defendant be precluded from commenting on or inquiring with one witness about the testimony of other witnesses.  Plaintiff states "If a fact is in issue, the witness should be asked about the fact, without any reference made by the examiner of the witness to any prior statements made by others at trial."   Defendant does not oppose.

**Ruling: <u>For Plaintiff.</u>**

**F.**     **Motion in Limine No. 6: To Exclude Information regarding Equally Available (or Unavailable) Evidence**

Plaintiff moves that defendant be "precluded from mentioning or making reference to the failure to produce any documents or to call any witnesses equally available (or unavailable) to either party." Plaintiff further moves for an order that defendant not mention the "probable" testimony of an absent witness.  Defendant does not oppose.

**Ruling: <u>For Plaintiff.</u>**

      **G.    Motion in Limine No. 7: To Exclude Testimony of Defendant's Witnesses Patricia Gayer, Herbert Stanley, Mary Sapp, Pamela J. Hall, Tanya Haeussler, M. Kay Libbus, and the Custodians of Records**

Plaintiff requests that the Court bar the testimony of these witnesses because "they were not disclosed in Defendant's Rule 26 Disclosures as persons likely to have discoverable information relevant to disputed facts alleged with particularity in Plaintiff's Complaint." Plaintiff states that, with respect to Gayer, Stanley, Sapp, and Hall, these individuals were not listed in defendant's Rule 26 disclosures, and that defendant has not filed amended disclosures naming these individuals. Plaintiff also argues that the probative value of the testimony of these witnesses is outweighed by prejudice and unfairness to plaintiff, as plaintiff was unable to depose these individuals. Plaintiff further argues that the matters that these individuals will testify about is irrelevant, and is wholly speculative.

Defendant indicates that plaintiff is really just trying to re-argue her motion to strike affidavits (Doc. No. 98), which was denied on December 18, 2009 (Doc. No. 109). Defendant states that it re-incorporates its earlier arguments, and in addition indicates that there were no "disputed facts alleged with particularity in the pleadings" which imposed any obligation on Defendant to identify Gayer, Stanley, Sapp, Hall, Haeussler and other Custodians of Records in its Rule 26 disclosures. With respect to Libbus, defendant indicates it only plans to call her as a rebuttal witness if plaintiff testifies that she was pursuing a Ph.D. in nursing. Defendant states that plaintiff did not allege with particularity in her pleadings that she was pursuing a Ph.D. in nursing, and it was not until plaintiff's evasive answers to questions at her deposition on September 22, 2009, regarding plaintiff's coursework that defendant was prompted to inquire as to whether plaintiff had applied for and been admitted to the Ph.D. program in Nursing (and defendant later learned from Ms. Libbus that plaintiff had not).

**Ruling: <u>Plaintiff's motion is granted in part and denied in part. The aforementioned witnesses' testimony is limited to the information contained in their affidavits in support of defendant's summary judgment motion. Witness Libbus will only be allowed to testify if plaintiff testifies that she had applied for and been admitted to the Ph.D. program in Nursing.</u>**

**H.    Motion in Limine No. 8: To Exclude Testimony of the Male Comparator, Ben Francisco, on the Reason(s) Why He was Paid the Amount of Salary He was Paid from 2004 to December 2006**

Plaintiff indicates that the Court may exclude evidence that is wholly speculative. Plaintiff states "No testimony or evidence was offered, however, by this witness or any other witness as to the actual reasons his salary compensation was set at the level it was set. For this reason, the testimony of this individual as to any reason why his salary was set at the level it was set should be excluded."

Defendant opposes, saying that "Plaintiff appears to argue that any evidence which might be offered by Ben Francisco as to the reasons for the amount of his salary would be speculative." Defendant states that it had no burden to provide the "testimony or evidence" plaintiff references prior to trial, and defendant's "failure to do that which it is not required to do should not prevent it from producing that evidence at trial."

**Ruling: <u>Plaintiff's motion is provisionally denied. This issue may be raised at trial before that inquiry is made.</u>**

**I.    Motion in Limine No. 9: To Exclude Testimony of Karen Touzeau and the Male Comparator, Ben Francisco, that the Amount of His Annual Salary Compensation was Based on His Hours Worked, or His Travel Away from Columbia, or His Being a Principal Investigator on a Grant**

Plaintiff states that Francisco testified at his deposition that only part of his salary was paid from external grant funds, that his normal work hours were 8-5 Mon-Fri, and he

traveled away from Columbia, but that he did not testify that his salary was based on these factors.  Plaintiff further states that Karen Touzeau testified only "that in her professional opinion these may be factors in setting salary; she could not offer objective criteria upon which she based her opinion. . . [and she] could not offer any opinion as to whether these criteria were applied to this male comparator."  Plaintiff then goes on to say that relevant evidence may be excluded if its probative value is substantially outweighed by the risk of undue prejudice, and that speculative evidence may be excluded.  Plaintiff states that "Any testimony by these two individuals as to whether [Francisco's] salary was based on one or more of these factors would be wholly speculative and unduly prejudicial; such testimony should be excluded."

Defendant opposes, again noting that it had no burden to provide plaintiff any such evidence before trial.

**Ruling: Plaintiff's motion is provisionally denied.  This issue may be raised at trial before that inquiry is made.**


**IT IS SO ORDERED.**

**/S/FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge


Dated:  8/31/2010
Kansas City, Missouri