# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| SUSAN BAUER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4044-CV-C-MJW |
| | ) | |
| CURATORS OF THE UNIVERSITY | ) | |
| OF MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL

### Introduction

Plaintiff Susan Bauer, an Advanced Practice Nurse employed by the University of Missouri Hospital and Clinics, brought this civil action against the defendant Board of Curators for the University of Missouri . The plaintiff alleged that the defendant violated the Equal Pay Act (EPA) by discriminating against her because of her sex by paying her less than it paid a male Advanced Practice Nurse for substantially equal work performed under similar working conditions. The defendant denied the allegation. Defendant further alleged that any difference in pay between plaintiff and the male comparator was the result of factors other than sex.

A jury was selected on April 19, 2011, evidence was presented, and closing arguments were made to the jury following a five-day trial. On April 25, the jury returned a verdict in favor of defendant and against plaintiff on her claims made under the EPA.

On May 20, 2011, plaintiff filed a motion for new trial (doc. 182). Defendant filed its suggestions in opposition on June 6 (doc. 183). And on June 22, plaintiff filed her reply (doc. 184).

### Plaintiff's Allegations of Error

Plaintiff's allegations of error in her motion for a new trial are as follows:

1. Plaintiff alleges the Court made an instructional error when it read to the jury Instruction No. 17 (Eighth Circuit Model Civil Jury Instruction 5.94), sometimes referred to as the "business judgment instruction";

2. Plaintiff alleges juror Kimberli Holtmeyer failed to disclose the extent of her knowledge of and familiarity with Ken Hammann, one of the witnesses called by plaintiff to testify at the trial; and

3. Plaintiff alleges the jury verdict in favor of defendant was contrary to the weight of the evidence.

## Discussion

### 1. Propriety of Instruction Number 17

At trial, the jury heard testimony from numerous witnesses concerning the job duties, responsibilities, and performances of both plaintiff and the male comparator, Dr. Ben Francisco. Testimony was favorable in this regard with respect to both employees. Both plaintiff and her male comparator were described by witnesses as excellent employees. However, with respect to Dr. Francisco, the evidence was that he worked substantial overtime, was required to travel throughout the State of Missouri to work at various community clinics, and was involved in extensive grant writing which resulted in the University of Missouri receiving millions of dollars in grant funds. Based upon this evidence, the jury could have reasonably concluded that the University of Missouri made a business decision to compensate Dr. Francisco at a higher level because of these additional positive factors and because of his superior job performance when compared to plaintiff, that is, on factors other than the sex of the plaintiff and her male comparator.

In Walker v. AT&T Technologies, 995 F.2d 846 (8th Cir. 1993), the Eighth Circuit ruled that it is reversible error to deny a defendant's request for an instruction which explains that an employer has the right to make subjective personnel decisions for any reason that is not discriminatory. Eighth Circuit Model Civil Jury Instruction Number 5.94 is based on sample language cited in the Eighth's Circuit opinion. See Walker, 995 F.2d at 849; cf. Blake v. J.C. Penney Co., 894 F.2d 274, 281 (8th Cir. 1990) (upholding a different business judgment instruction as being sufficient).

Plaintiff does not cite any case which holds that it is error, reversible or otherwise, for the Court to have given the "business judgment instruction" in an EPA case. Plaintiff cites Taylor v. White, 321 F.3d 710, 716 (8th Cir. 2003), as support for her argument that it was an error to give a "business judgment" instruction to the jury in an EPA case. However, the Court does not find Taylor persuasive. In fact, the Court believes Taylor actually is supportive of defendant's position. In Taylor, the Eighth Circuit held that "[u]nder the EPA, a defendant cannot escape liability merely by articulating a legitimate non-discriminatory reason for the employment action. Rather, the defendant must prove that the pay differential was based on a factor other than sex." Id. at 716. Here, defendant did present substantial evidence that the pay differential was based on factors other than sex. There were clear differences in the job performance and responsibilities between the plaintiff and the male comparator. The jury could easily have concluded, and by their verdict apparently did, that the pay differential was not at all based upon sex. Consequently, the instruction was properly requested and given to the jury.

In Wolff v. Brown, 128 F.3d 682, 685 (8th Cir. 1997), the court held that the giving of the "business judgment instruction" was not an abuse of discretion by the trial court. As indicated implicitly in Wolff, and explicitly in a multitude of other cases, including Hertz v. Woodbury County, Iowa, 566 F.3d 775, 781 (8th Cir. 2009), jury instructions are generally committed to the sound discretion of the trial court and the trial court is entitled to a great deal of deference in the formulation of the jury instructions. The jury instructions are to be considered in their entirety and even a single, erroneous instruction (which defendant does not concede exists in this case) does not require reversal if the charge as a whole fairly and adequately submits the issue to the jury.

Defendant also argues plaintiff waived any claim of instructional error when prior to trial the parties submitted their Agreed-Upon Jury Instructions with Source References (doc. 139). Although the Court does not presently have a transcript of the jury instruction conference from the trial, the Court does have a distinct recollection that plaintiff did object to Instruction No. 17 (5.94) at the instruction conference. Consequently, the Court does believe that plaintiff has properly preserved her claim for review on this issue.

2.  Allegation of Juror Misconduct

Plaintiff next alleges she should receive a new trial or be granted an evidentiary hearing regarding an alleged failure by one of the trial jurors, Kimberli Holtmeyer, to disclose the extent of her knowledge of and familiarity with one of the witnesses, Ken Hammann, called by plaintiff during the trial.

Plaintiff's motion for new trial references a copy of page 29 of a partial transcript of the questions during *voir dire* that were directed to juror Holtmeyer.  The page includes the following questions and responses from Ms. Holtmeyer:

> THE COURT:  Thank you, sir.  Miss Holtmeyer?
>
> VENIREMAN HOLTMEYER:  Yes, I've had some interaction with Ken Hammann in his role at the School of Medicine and minor interactions with a few of the others, Will Kiehl and Scott Stever.
>
> THE COURT:  Is there anything about your relationship with any of those witnesses that would make it difficult for you to sit?
>
> VENIREMAN HOLTMEYER:  No, I don't believe so.

Plaintiff does not provide any pages of the transcript of the *voir dire* examination other than page 29.  While the Court does not have a transcript of the complete *voir dire* available, the Court does have some recollection of additional follow-up questions of juror Holtmeyer.  However, for purposes of ruling on this motion, the Court does not believe a full review of the transcript is necessary.  Counsel for plaintiff was given ample opportunity to ask individual follow-up questions of all of the potential jurors during *voir dire* and could have asked additional follow-up questions of juror Holtmeyer concerning her relationship with witness Hammann.  In addition, the Court believes plaintiff has not adequately preserved this issue for appeal because she failed to object to the seating of juror Holtmeyer when she was selected to serve on the jury.

In her motion, plaintiff asserts that the above quoted response was made in response to a question "that asked if any jurors knew any of several potential witnesses."  See first paragraph on page 8 of document 182.  In plaintiff's motion for new trial, she cites McDonough Power Equipment, Inc. v. Greenwood, 464 U.S. 548 (1984), but focuses primarily on language in the

4

decision concerning the importance of truthful answers from potential jurors during *voir dire* rather than on the holding of the case. McDonough holds, at 556, as follows:

> We hold that to obtain a new trial in such a situation, a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause.

After recognizing that motions for a new trial are generally left to the sound discretion of the trial court, the McDonough court reversed the court of appeals order granting a new trial based upon a claim that a juror had failed to disclose relevant information during *voir dire*. Id.

Plaintiff does not allege that juror Holtmeyer failed to honestly answer a question during *voir dire,* much less "demonstrate that [she] failed to answer honestly a material question," as required by the holding in McDonough. Rather, plaintiff contends that juror Holtmeyer failed to volunteer information about which plaintiff failed to inquire, namely the nature and extent of her interactions with witness Hammann. Nevertheless, it is clear from Ms. Holtmeyer's responses set forth on page 29 of the transcript of the *voir dire* examination that she did volunteer some information. Juror Holtmeyer disclosed that she had "some interaction with Ken Hammann" and "minor interactions with a few of the others, Will Kiehl and Scott Stever." However, apparently there were no follow-up questions by plaintiff concerning the number or the nature of any of such interactions.[1] Consequently, the Court does not believe juror Holtmeyer failed to "answer honestly a material question" as McDonough requires.

Plaintiff also cites Robinson v. Monsanto Company, 758 F.2d 331, 334 (8th Cir. 1985), in support of her claim that the Court should grant a new trial or, alternatively, conduct an evidentiary hearing to determine whether or not the juror deliberately concealed information or gave incorrect responses and whether undisclosed information is indicative of probable bias. However, the Robinson decision held, at 335, that the federal magistrate properly denied an evidentiary hearing in that case, articulating its reasoning as follows:

> As the magistrate noted in his denial of the motion, the jurors were asked no direct questions regarding their own business relations or the business relations of their

---

[1]As mentioned previously, the Court has not reviewed the entire transcript of the *voir dire* examination. The Court does have some vague recollection of follow-up questions and would suggest the parties review the entire *voir dire* transcript, if necessary.

employers with Monsanto. Robinson failed to demonstrate that Jecha deliberately concealed any information or that the alleged business association in any way indicated Jecha's probable bias in favor of Monsanto with regard to a claim of racial discrimination. Furthermore, the right to challenge a juror is waived by failure to object at the time the jury is empaneled if the basis for objection might have been discovered during voir dire. (Citations omitted.) Accordingly, we hold that the magistrate properly denied an evidentiary hearing into this matter.

Here, plaintiff apparently did not ask follow-up questions of juror Holtmeyer to further explore any relationship she may have had with the witness. And there is no contention that she objected to juror Holtmeyer when the jury was empaneled by the Court. Indeed, it appears clear that Ms. Holtmeyer was being forthright when she volunteered the information concerning her knowledge of and dealings with witness Hammann. There is no reason to suspect that she would have been less candid with regard to any follow-up questions had they been asked. It is apparent that plaintiff "might have discovered additional information during *voir dire*" had she asked additional questions and, that having failed to do so, she has waived any right to challenge juror Holtmeyer's selection. Based upon the holdings of the McDonough and Robinson cases, plaintiff has failed to demonstrate entitlement to a new trial or to an evidentiary hearing based upon her claim that juror Holtmeyer failed to disclose information during *voir dire*. The denial of a motion for a new trial based upon juror misconduct is within the sound discretion of the trial court and will be reversed only for abuse of discretion or a clear error of law. Robinson, 758 F.2d at 334; McCoy v. Goldston, 652 F.2d 654, 657 (6th Cir. 1981).

3. Sufficiency of the Evidence

The Court believes there was more than sufficient evidence to support the jury's verdict that plaintiff was not entitled to a verdict based upon her claims of discrimination under the EPA. While there may have been some evidence introduced that could possibly have supported a verdict in favor of plaintiff if the jury had been so inclined, the Court cannot conclude that the "jury reached a seriously erroneous result" as is required for this Court to order a new trial. Blake v. J.C. Penney Co., 894 F.2d 274, 281 (8th Cir. 1990). The Court is an avid believer of the jury trial as a means to resolve conflict and is extremely reluctant under any circumstances to tamper with a jury verdict. If the jury had returned a verdict in favor of plaintiff, the Court would likely reach the same conclusion as here. The jury decides who they want to believe. Here, the

jury apparently found the testimony in favor of defendant to be more credible and persuasive. And the evidence introduced was more than sufficient to support the jury's decision. The Court does not believe the jury's verdict was against the substantial weight of the evidence and did not result in a miscarriage of justice.

    IT IS, THEREFORE, ORDERED that Plaintiff's Motion for New Trial is DENIED. [182]

    Dated this 19th day of July, 2011, at Jefferson City, Missouri.

    /s/ *Matt J. Whitworth*
    MATT J. WHITWORTH
    United States Magistrate Judge